## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFF CHOUINARD**<br>1309 Adjala Tecumseth Townline, Tottenham,<br>Ontario, Canada L0G 1W0<br><br>*Plaintiff,*<br><br>vs.<br><br>**PERFECTION SNACKS**<br>601 New Britain Rd. Suite 320<br>Doylestown, PA 18901<br><br>-and-<br><br>**PRETZEL PERFECTION, LLC**<br>601 New Britain Rd. Suite 320<br>Doylestown, PA 18901<br><br>-and-<br><br>**AMY HOLYK**<br>601 New Britain Rd. Suite 320<br>Doylestown, PA 18901<br><br>*Defendants.* | NO.: _____<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Jeff Chouinard (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Defendants Perfection Snacks, Pretzel Perfection, LLC, and Amy Holyk (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§

201 *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA" - 43 P.S. §§ 333.101—333.115), the Pennsylvania Wage and Collection Law ("PWCL" - 43 P.S. §§ 260.1 *et. seq.*), and Pennsylvania common law. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      The United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. More specifically:

      i.   Plaintiff is a citizen of Canada;

     ii.   Defendants have a principal place of business in Pennsylvania. Therefore, Defendants are citizens of and reside in Pennsylvania;

    iii.   The amount in controversy exceeds $75,000.

4.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Perfection Snacks, LLC is upon information and belief, a company owned by Defendant Amy Holyk that produces gourmet, gluten free snacks.

9.      Defendant Pretzel Perfection, LLC is a company by Defendant Amy Hoylk that produces gourmet, gluten free snacks.

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     Defendant Amy Holyk ("Defendant Holyk") is upon information and belief, the owner Principal and President of Defendants Perfection Snacks, LLC and Pretzel Perfection LLC (*hereinafter* "Defendant Entities" when referred to collectively). During Plaintiff's employment, Defendant Holyk has been high-level decision maker concerning terms and conditions of employment for employees of Defendant Entities (including Plaintiff) including but not limited to hiring, firing, promoting, setting pay rates/salaries, and issuing discipline.

12.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff was hired by Defendants effective February 1, 2019 as Defendants' Canadian Division Manager reporting to Milagro S. Roesner ("Roesner").

15.     By way of agreement dated November 13, 2018 and signed November 15, 2018 (attached hereto as "Exhibit A") by Plaintiff and Defendant Holyk Plaintiff's base salary in this position was to be $100,000.00 per year, and he was to be given the following benefits: 5 weeks of Paid Time Off ("PTO"), $200.00 per month health benefit allowance, $600.00 per month car allowance (plus mileage reimbursement), $125.00 per month cell phone allowance, $68.00 per month internet allowance, and 6% to a Registered Retirement Savings Plan ("RRSP") at the end of the year, bonuses, profit sharing, and 6-month severance if terminated without cause.

16.     Defendant Holyk outlined the parties' agreement regarding bonus structure in an email dated January 17, 2019 which stated the following scale:

   a.   Gross sales targets in US Dollars

      i.   $100k 10% bonus

     ii.   $200k 15% bonus

   iii.   $300k 20% bonus

   iv.   $400k 25% bonus

    v.   For every $100k thereafter we will increase your bonus by 5% capped at 50%

17.     In her January 17, 2019 email, Defendant Holyk also offered Plaintiff a "minimum of .5% equity at the time we onboard employee stocks."

18. Beginning on or about July 12, 2019, Defendants failed to compensate Plaintiff on the regular payday (paying Plaintiff his compensation late, eventually at times more than 9-months after such wages were due) and eventually ceased paying Plaintiff altogether for work performed.

19. Specifically, Defendants paid Plaintiff **after** his regular payday compensation was due as follows:

   a. Plaintiff was not paid for work performed during weeks ending May 1, 2020 through May 22, 2020 until February 5, 2021.

   b. Plaintiff was not paid for work performed during weeks ending May 29, 2020 through June 26, 2020 until February 26, 2021.

   c. Plaintiff was not paid for work performed during weeks ending July 3, 2020 through August 28, 2020 until April 23, 2021.

   d. Plaintiff was not paid for work performed during weeks ending September 4, 2020 through September 25, 2020 until June 22, 2021.

   e. Plaintiff was not paid for work performed during weeks ending October 2, 2020 through October 23, 2020 until July 20, 2021.

   f. Plaintiff was not paid for work performed during weeks ending October 30, 2020 through December 4, 2020 until July 30, 2021.

20. Defendant Hoylk acknowledged when each payment failed to be paid on time, would apologize, and would assure Plaintiff would be compensated fully "soon," or when they get "another investor."

21. Further, Plaintiff has not been paid **at all** for work performed during weeks ending December 11, 2020 **through the present**, which as of the date of the filing of this lawsuit **totals greater than 88 weeks of unpaid wages or any benefits.**

22. Additionally, Plaintiff was **never** paid his promised yearly 6% RRSP contribution at any point during his years of employment thus far.

23. Plaintiff was never paid or afforded his promised vacation pay at any point during his years of employment thus far (4 weeks in 2019, 5 weeks in 2020, 5 weeks in 2021, and 5 weeks in 2022).

24.     Plaintiff further was never paid out annual sales bonuses as promised, nor has he received any compensation related to profit sharing or equity of the company despite being promised the same.

25.     Defendant Amy Holyk has acknowledged to Plaintiff that he has not been paid his promised compensation and benefits and continues to promise she will make up for the owed compensation, but to date has not done so.

26.     Defendants' actions are willful and purposeful.

27.     Plaintiff is owed ***at least* $249,621.00** solely in unpaid compensation and promised benefits as of the date of this filing, and such compensation and benefits are continuing to accrue. These unpaid wages are <u>automatically</u> doubled pursuant to statutorily required liquidated damages.[1]

28.     The amounts owed to Plaintiff are comprised of the following (and continuing to accrue):

> a.  At least $169,224.00 in unpaid salary (88 weeks unpaid at a rate of $1,923.00 per week);

---

[1] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, **they are considered the norm** and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

   b. At least $19,860.00 in monthly allowances as described *supra* (88 weeks at a rate of $993.00 per month);

   c. At least $24,000.00 in RRSP contributions ($6,000.00 per year over the course of 4 years employed);

   d. At least $36,537.00 in vacation pay that was not paid out to Plaintiff (19 weeks at a rate of $1,923.00 per week).

29.   Plaintiff is further owed at least **$61,536.00 in liquidated damages[2]** for compensation earned for weeks ending May 1, 2020 through December 4, 2020 which were not paid by Defendants until greater than 9 months after the regular payday when wages were due.

30.   Defendant Holyk is personally liable as to her own individual assets for all claims asserted in this lawsuit because: (1) she oversaw compensation of employees; (2) intentionally and willfully failed to pay Plaintiff all wages and benefits due; and (3) knowingly violated many wage laws (state and federal).[3]

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Minimum Wage/Nonpayment of Wages)
### - Against All Defendants -

31.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.   Plaintiff performed work for Defendants for at least 40 hours per week in weeks ending December 11, 2020 through August 12, 2022, and continues to do so.

33.   Plaintiff's average hourly rate for weeks ending December 11, 2020 through the present while performing work for Defendants was $0 dollars per hour.

---

[2] *See Gordon v. Maxim Healthcare Servs.*, No. 13-7175, 2014 U.S. Dist. LEXIS 95864, at *7 (E.D. Pa. July 15, 2014) ("We conclude that late payment of wages is the equivalent of nonpayment for purposes of the FLSA[,]" and holding that a plaintiff may bring a claim under the Pennsylvania Wage Collection Law for late payments.)

[3] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages or adverse actions under the FLSA are appropriate defendants under the FLSA and may be individually liable for such violations).

34.     Plaintiff was clearly paid at a rate below the minimum wage between December 11, 2020 and the present when performing work for Defendants unpaid.

35.     Further, Defendants paid Plaintiff **after** his regular payday compensation was due as follows:

a.  Plaintiff was not paid for work performed during weeks ending May 1, 2020 through May 22, 2020 until February 5, 2021.

b.  Plaintiff was not paid for weeks ending May 29, 2020 through June 26, 2020 until February 26, 2021.

c.  Plaintiff was not paid for work performed during weeks ending July 3, 2020 through August 28, 2020 until April 23, 2021.

d.  Plaintiff was not paid for work performed during weeks ending September 4, 2020 through September 25, 2020 until June 22, 2021.

e.  Plaintiff was not paid for work performed during weeks ending October 2, 2020 through October 23, 2020 until July 20, 2021.

f.  Plaintiff was not paid for work performed during weeks ending October 30, 2020 through December 4, 2020 until July 30, 2021.

36.     These late payments received greater than 9-months after Plaintiff's regular payday constitute nonpayment of wages under the FLSA. *See Gordon v. Maxim Healthcare Servs.*, No. 13-7175, 2014 U.S. Dist. LEXIS 95864, at *7 (E.D. Pa. July 15, 2014) ("We conclude that late payment of wages is the equivalent of nonpayment for purposes of the FLSA.").

37.     Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

38.     Defendant Holyk is personally liable because she is the owner and a high-level manager of Defendants who is responsible for the terms and conditions of Plaintiff's employment, including but not limited to his compensation. Defendant Holyk is also responsible for perpetuating unlawful payroll practices and ratifying same as it pertained to Plaintiff's compensation. Additionally, Defendant Holyk personally deceived Plaintiff regarding his compensation and her actions are willful.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act**
**(Failure to Pay Minimum Wage)**
**- Against All Defendants -**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff performed work for Defendants for at least 40 hours per week in weeks ending December 11, 2020 through August 12, 2022, and continues to do so.

41.     Plaintiff was not compensated for any of the work he performed between weeks ending December 11, 2020 through the present.

42.     Plaintiff's average hourly rate for weeks ending December 11, 2020 through the present while performing work for Defendants was $0 dollars per hour.

43.     Plaintiff was clearly paid at a rate below the minimum wage between December 11, 2020 and the present when performing work for Defendants unpaid.

44.     Plaintiff therefore seeks all remedies permitted under the PMWA for unpaid wages, as well as penalties and interest.

45.     Defendant Holyk is personally liable because she is the owner and a high-level manager of Defendants who is responsible for the terms and conditions of Plaintiff's employment, including but not limited to his compensation. Defendant Holyk is also responsible for perpetuating unlawful payroll practices and ratifying same as it pertained to Plaintiff's compensation. Additionally, Defendant Holyk personally deceived Plaintiff regarding his compensation and her actions are willful.

**Count III**
**Violations of the Pennsylvania Wage Payment & Collection Law(s) ("WPCL")**
(Failure to Pay Full Wage(s) Owed)
- Against All Defendants -

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services he performed during his employment.

48.     Defendants failed to compensate Plaintiff for all wages owed during his employment – specifically for the hours of work performed between December 11, 2020 and August 12, 2022 and ongoing.

49.     Further, Defendants paid Plaintiff **after** his regular payday compensation was due as follows:

      a.  Plaintiff was not paid for work performed during weeks ending May 1, 2020 through May 22, 2020 until February 5, 2021.

      b.  Plaintiff was not paid for work performed during weeks ending May 29, 2020 through June 26, 2020 until February 26, 2021.

      c.  Plaintiff was not paid for work performed during weeks ending July 3, 2020 through August 28, 2020 until April 23, 2021.

      d.  Plaintiff was not paid for work performed during weeks ending September 4, 2020 through September 25, 2020 until June 22, 2021.

      e.  Plaintiff was not paid for work performed during weeks ending October 2, 2020 through October 23, 2020 until July 20, 2021.

      f.  Plaintiff was not paid for work performed during weeks ending October 30, 2020 through December 4, 2020 until July 30, 2021.

50.     These late payments received greater than 9-months after Plaintiff's regular payday constitute violations of the WPCL. *See Gordon v. Maxim Healthcare Servs.*, No. 13-7175, 2014 U.S. Dist. LEXIS 95864, at *7 (E.D. Pa. July 15, 2014) (holding that a Plaintiff may bring a claim for WPCL violations for late payments of wages due).

51.     Defendants also agreed to compensate Plaintiff for the following benefits: 5 weeks of Paid Time Off ("PTO"), $200.00 per month health benefit allowance, $600.00 per month car allowance (plus mileage reimbursement), $125.00 per month cell phone allowance, $68.00 per month internet allowance, and 6% to a Registered Retirement Savings Plan ("RRSP") at the end of the year, bonuses, and profit sharing.

52.     Defendant Holyk outlined the parties' agreement regarding bonus structure in an email dated January 17, 2019 which stated the following scale:

    a.   Gross sales targets in US Dollars

        i.   $100k 10% bonus

        ii.   $200k 15% bonus

        iii.   $300k 20% bonus

        iv.   $400k 25% bonus

        v.   For every $100k thereafter we will increase your bonus by 5% capped at 50%

53.     Defendant Holyk also offered Plaintiff a "minimum of .5% equity at the time we onboard employee stocks."

54.     Defendants have failed to compensate Plaintiff for any of the monthly allowances as outlined *supra* since week ending December 11, 2020.

55.     Defendants have failed to compensate Plaintiff with the yearly 6% RRSP and his promised bonuses for the entire duration of his employment.

56.     Defendants have failed to compensate Plaintiff with any compensation for bonus, profit sharing, or equity for the entire duration of his employment.

57.     Defendant Holyk is personally liable because she is the owner and a high-level manager of Defendants who is responsible for the terms and conditions of Plaintiff's employment,

11

including but not limited to his compensation. Defendant Holyk is also responsible for perpetuating unlawful payroll practices and ratifying same as it pertained to Plaintiff's compensation. Additionally, Defendant Holyk personally deceived Plaintiff regarding his compensation.

58.     Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as agreed to by the Parties.

59.     These actions as aforesaid constitute violations of the WPCL.

**Count V**
**Pennsylvania Common Law**
**(Breach of Contract)**
**- Against All Defendants-**

60.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

61.     Plaintiff's Employment offer constitutes an agreement, contract and mutual understanding. *See* Exhibit A.

62.     Defendants violated Plaintiff's contract by failing to compensate him in accordance with the contract as described *supra*.

63.     These allegations as aforesaid constitute breach of contract.

**Count VI**
**Pennsylvania Common Law**
**(Promissory Estoppel / Detrimental Reliance)**
**- Against All Defendants-**

64.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

65.     From on or about week ending December 11, 2020 through the present, Defendants required Plaintiff to perform work for them on a full-time basis without paying him any wages for

the hours of work he performed.

66.     Defendants have assured Plaintiff that they would properly compensate him for the work that he performed since December 11, 2020 on many occasions.

67.     To his detriment, Plaintiff has continued to perform work for Defendants since week ending December 11, 2020 without any compensation in reliance on Defendants' aforementioned promises; however, Defendants' promises never came to fruition.

68.     Defendants should have reasonably foreseen that their aforementioned promises to Plaintiff would induce Plaintiff to continue performing work for Defendants since December 11, 2020 and ongoing.

69.     Plaintiff was in fact induced to perform work for Defendants since December 11, 2020 without being paid for any of the services he performed.

70.     Injustice will result if Plaintiff is not properly compensated for the hours of work he performed for Defendants (as he was promised)

71.     These allegations as aforesaid constitute violations of Pennsylvania's common law doctrine of Promissory Estoppel/Detrimental Reliance.

**Count VII**
**Pennsylvania Common Law**
**(Quantum Meruit)**
**-Against All Defendants-**

72.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

73.     Plaintiff rendered work, labor, and services to Defendants at the special request of Defendants for which Defendants promised to pay Plaintiff the reasonable value of such services.

74.     Defendants' have failed to pay Plaintiff for all the services that he has performed for them, not withstanding that Plaintiff has demanded payment.

75.     Defendants owe Plaintiff payment for all services that he performed for them since December 11, 2020.

76.     These allegations as aforesaid constitute violations of Pennsylvania's common law doctrine of Quantum Meruit.

**Count VIII**
**Pennsylvania Common Law**
**(Unjust Enrichment)**
**-Against All Defendants-**

77.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

78.     Plaintiff conferred benefits on Defendants, such as work, labor, and services and Defendants accepted and retained such benefits.

79.     Defendants have failed to pay Plaintiff for all benefits conferred to them by Plaintiff since December 11, 2020 – notwithstanding that Plaintiff has demanded payment.

80.     It would be inequitable for Defendants to retain the benefits conferred to them by Plaintiff without payment of value.

81.     Based on the foregoing circumstances, Defendants have been unjustly enriched.

82.     These allegations as aforesaid constitute violations of Pennsylvania's common law doctrine of Unjust Enrichment.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

14

Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     _____
        Ari R. Karpf, Esq.
        Allison A. Barker, Esq.
        3331 Street Rd.
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated:  August 17, 2022

# Exhibit A



November 13, 2018

Jeff Chouinard

Dear Mr. Chouinard:

On behalf of Pretzel Perfection, LLC (the "Company"), I am pleased to offer you the position of Canadian Export Manager with the Company on the terms set forth in this letter agreement, effective upon your acceptance by execution of a countersigned copy of this letter where indicated below.

**The Company is pleased to offer you the following:**

| | |
|---|---|
| <u>**Position**</u>: | **Canadian Division Manager** |
| <u>**Reporting To**</u>: | **Milagro S Roesner** |
| <u>**Start Date**</u>: | **February 1, 2019** |

**At-Will**
<u>**Employment**</u>:  You are an employee-at-will.  Nothing in this offer letter confers any right of continued employment with the Company.

<u>**Base Salary**</u>:  Your initial base salary will be $100,000 per year, paid in accordance with the Company's normal payroll policies and subject to applicable withholding.

**Employee**
<u>**Benefits**</u>:  The Company will reimburse you for all reasonable business expenses incurred in furtherance of your employment.  Benefits included in this offer:  5 weeks PTO (paid time off), 200.00 per month health benefit allowance, car allowance of $600.00 plus mileage reimbursement @ .56/mile, cell phone allowance - $125.00, Internet allowance - $68.00, 6% RRSP payment at end of 2019 (in lieu of 401k) 6 month severance if terminated without cause, bonuses (TBD before 2/1/19), profit sharing (TBD before 2/1/19).

**Company**
<u>**Property**</u>:  All property that the Company provides you (if any), such as a cell phone, laptop computer, software, Company credit card or other property, will remain the Company's property, and subject to the Company's review and inspection from time to time.  Upon the cessation of your employment for any reason you will immediately return such property to the Company.

Conditions of

**Employment:**    Employment is conditionally offered subject to the following: acceptable Application of Employment; acceptable completion of employment forms and work eligibility forms; and successful completion of a background check. Employment will be through a 3rd party agency.

Employment

**Policies:**    You will be subject to the Company's employment policies, which are subject to change from time to time. You will also be required to sign the Company's standard form of Employee Confidentiality, Inventions and Non-Solicitation Agreement.

All dollar amounts are US dollars.

If the above offer of employment is acceptable, and you agree to be bound by the terms of this offer letter, please acknowledge your acceptance and agreement with your signature in the space provided below. If we do not hear from you by November 16, 2018, we will assume you have decided to pursue other opportunities and this offer will terminate.

Accepted & Agreed by:

JEFF CHOWNAND

Date: 11/15/18

ACKNOWLEDGED BY PERFECTION SNACKS LLC

By
Amy Holm, CEO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Jeff Chouinard | : | CIVIL ACTION |
| v. | : |  |
| Perfection Snacks, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| 8/17/2022 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1309 Adjala Tecumseth Townline, Tottenha, Ontario, Canada L0G 1W0__

Address of Defendant: __601 New Britain Road, Suite 320, Doylestown, PA 18901__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

***RELATED CASE, IF ANY:***

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/17/2022__   _____   __ARK2484 / 91538__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☒ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: __8/17/2022__   _____   __ARK2484 / 91538__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHOUINARD, JEFF

**(b)** County of Residence of First Listed Plaintiff     Outisde of the U.S.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

PERFECTION SNACKS, ET AL.

County of Residence of First Listed Defendant     Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 | U.S. Government Plaintiff | |
| 2 | U.S. Government Defendant | |
| X 3 | Federal Question | *(U.S. Government Not a Party)* |
| 4 | Diversity | *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | Liability | 368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | X 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer |
| | | | | | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA, PMWA, PWCL and PA Common Law.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   8/17/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|