IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFF CHOUINARD                     :           CIVIL ACTION
                                   :
          V.                       :
                                   :
PERFECTION SNACKS, et al.          :           NO. 22-3276

MEMORANDUM

Bartle, J.                                     August 3, 2023


          Plaintiff Jeff Chouinard alleges that defendants
Perfection Snacks, Pretzel Perfection LLC, and Amy Holyk
breached his employment agreement when they did not pay him
wages or provide him benefits for 20 months of work he performed
as a regional sales manager between December 2020 and August
2022.  He further alleges that defendants unlawfully retaliated
against him when they terminated him shortly after he initiated
this lawsuit.  His complaint includes claims for:  failure to
pay minimum wage in violation of the Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 206; failure to pay minimum wage in
violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.
Stat. § 333.104; failure to pay full wages in violation of the
Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa.
Stat. §§ 2601 et seq.; breach of contract; quantum meruit;
unjust enrichment; promissory estoppel; retaliation in violation
of the FLSA, 29 U.S.C. § 215; and wrongful termination.  Before

the court are the parties' cross-motions for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court views the facts and draws all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).

When reviewing cross-motions for summary judgment, the court "must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 402 (3d Cir. 2016) (quoting 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 (3d ed. 2016)).

II

The following facts are undisputed unless otherwise noted. Defendants Pretzel Perfection and Perfection Snacks, LLC

-2-

(collectively "Pretzel Perfection") are Pennsylvania-based producers of business of gourmet, gluten-free snacks.  Defendant Amy Holyk is Pretzel Perfection's owner and CEO.  Holyk hired Chouinard in February 2019 to serve as Pretzel Perfection's regional sales manager in Canada.

Chouinard's employment contract provided for an annual salary of $100,000 as well as a package of benefits.  Relevant here, defendants agreed to provide Chouinard "5 weeks PTO (paid time off)" and a "6% [Registered Retirement Savings Plan] payment at end of 2019 (in lieu of 401k)."  They also agreed to provide him with monthly allowances for his health benefits, car usage, cell phone service, and internet, for a total sum of $993 per month.  If Chouinard was to be terminated without cause, Pretzel Perfection agreed to provide a severance payment of six months of wages, $50,000.

At Pretzel Perfection, Chouinard was tasked with establishing a distribution system for the company's snacks and growing the company's sales within Canada.  He was supervised by the company's vice president of sales, Milagro S. Roesner, who in turn reported to Holyk.  Chouinard is a resident of Canada where at all relevant times he exclusively performed his job functions.

In July 2019 Pretzel Perfection began falling behind on paying Chouinard his wages.  Over the following two years, it

would regularly give Chouinard his paycheck months late--at times more than nine months after his regular payday.  For example, Chouinard was not paid for work performed in May 2020 until February 2021.

The parties agree that Chouinard has been paid all wages he earned for work he performed up until December 4, 2020.  Likewise, there is no dispute that Pretzel Perfection has not paid Chouinard for any work he performed after December 4, 2020.

The critical issue is whether and to what extent Chouinard was in fact performing his job functions between December 4, 2020 and August 17, 2022.  He maintains that he remained an employee of Pretzel Perfection throughout this time. Defendants contend that he abandoned his position sometime in December 2020.  Much of what occurred between December 2020 and August 2022 is disputed.

Chouinard filed his initial complaint in this action on August 17, 2022, which indicated that he sought to recover wages between December 2020 and August 2022.  The complaint was emailed along with waivers of service to defendants, including to Holyk, at 2:37 p.m. on August 19, 2022.  At 4 p.m. that afternoon, Holyk locked Chouinard out of his Pretzel Perfection email.  Shortly thereafter, Chouinard emailed Holyk to ask whether the termination of his email access meant that he was being terminated.  Holyk did not respond.

-4-

                                III

          Defendants first move for summary judgment on Count I
of Chouinard's amended complaint which alleges that defendants
are liable for minimum wage compensation for the time he worked
between December 4, 2020 and August 19, 2022 pursuant to the
FLSA, 29 U.S.C. § 206.  It is undisputed that Chouinard worked
as a regional sales manager and performed his duties exclusively
within Canada.  Defendants contend that under the circumstances,
he does not qualify for coverage under the FLSA.  Indeed,
employees may not sue under § 206 of the FLSA if they perform
"services during the workweek . . . in a workplace within a
foreign country."  § 213(f).  In addition, FLSA interpreting
regulations exempt from the Act's coverage "administrative
employees" and "outside sales employees."  See 29 C.F.R.
§§ 541.200, 541.500.

          The court need not consider whether Chouinard fits
either regulatory exemption because the § 213(f)'s
extraterritorial limitation clearly bars his claim under the
FLSA.  Thus, he may not maintain an action for minimum wage
compensation under § 206.  Defendants' motion for summary
judgment on Count I will be granted.

                                IV

          The parties both move for summary judgment as to
Counts II and III of Chouinard's amended complaint, which

                               -5-

asserts claims for minimum wage compensation for the time he
worked between December 2020 and August 2022 under the PMWA,
43 Pa. Stat. §§ 333 et seq., as well as full wages for the work
he performed for that period under the WPCL, 43 Pa. Stat. §§
2601 et seq.

The PMWA does not expressly exclude or permit actions
for minimum wage brought by out-of-state employees or the in-
state employees of out-of-state employers.  The PMWA requires
"[e]very employer . . . pay each of his or her employees for all
hours worked at a rate" that is equal or greater to the
Pennsylvania minimum wage.  § 333.104.  The PMWA was enacted
with the purpose of protecting "employees employed in the
Commonwealth of Pennsylvania."  § 333.101.  Yet the PMWA simply
defines "employee" as "any individual employed by an employer,"
the definition of which "includes any [business entity] acting,
directly or indirectly, in the interest of an employer in
relation to any employee."  § 333.103(g), (h).

The courts have devised a multifactor test for
determining whether an employee is based in Pennsylvania such
that the employee may bring an action under the PMWA.  Courts
have considered the following factors:

a) Employer's headquarters;

b) Employee's physical presence working in
Pennsylvania;

-6-

> c) Extent of employee's contact with
> Pennsylvania employer (i.e. reporting,
> direction, supervision, hiring, assignment,
> termination);
>
> d) Employee's residence; and
>
> e) Employee's ability to bring his claim in
> another forum.

Matthews v. BioTelemtry, Inc., Civ. A. No. 18-561, 2018 WL
3648228, at *3 (E.D. Pa. July 31, 2018) (citing McGoldrick v.
TruePosition, Inc., 623 F. Supp. 2d 619, 631-32 (E.D. Pa.
2009)).

　　　　Under the circumstances of this case, Chouinard cannot
establish himself as a Pennsylvania-based employee.  He admits
he has never set foot in Pennsylvania.  He lives and works
exclusively in Canada.  His employment agreement does not
contain any choice-of-law provision or forum selection clause
favoring Pennsylvania.  He does not identify an impediment
against bringing a suit for compensation elsewhere.  The only
factor that cuts in his favor is that Pretzel Perfection is a
Pennsylvania-based company.

　　　　Chouinard cannot avail himself of Truman v. DeWolff,
Boberg & Assocs., Inc., Civ. A. No. 07-1702, 2009 WL 2015126
(W.D. Pa. July 7, 2009).  There, a Pennsylvania resident sought
overtime compensation for work he performed during discrete
business trips to Canada and England.  There was no dispute that
he was a "Pennsylvania-based employee" who had performed the

-7-

bulk of his work for defendants within Pennsylvania.  See id. at
*3.  By contrast, Chouinard performed all his work in Canada.
Defendants' motion for summary judgment as to Count II of
Chouinard's amended complaint will be granted, and Chouinard's
motion for summary judgment will be denied.

Chouinard's claim under the WPCL is doomed for the
same reason his PMWA claim fails.  Courts employ the same five-
factor test for determining whether a plaintiff has a sufficient
connection to Pennsylvania to warrant protection under the WPCL.
See McGoldrick, 623 F. Supp. 2d at 631–32.  As Chouinard lives
and works exclusively in Canada and has claimed no impediment
that bars his ability to seek wages in another forum, summary
judgment must be granted in favor of defendants on Count III of
Chouinard's amended complaint as well.  Plaintiff's motion for
summary judgment on Count III will be denied.

V

Chouinard moves for summary judgment on his breach-of-
contract claim, which is Count V of his amended complaint.[1]  He
asserts that the undisputed evidence shows that there is no
genuine dispute of material fact as to whether defendants have
breached their employment agreement by not compensating him for
work he performed between December 4, 2020 and August 19, 2022.

---

1.   Chouinard does not include a Count IV in his amended
complaint.

Defendants do not dispute that Chouinard's employment agreement is a valid contract.  They do not dispute that they did not compensate him for any work performed during this time.  They instead argue that Chouinard "abandoned" his job and stopped working shortly after December 4, 2020.

Under Pennsylvania law, a party to a contract who does not substantially perform his or her duties under the contract cannot recover for the other party's breach of that contract. See, e.g., McCausland v. Wagner, 78 A.3d 1093, 1101 (Pa. Super. Ct. 2013) (citing LJL Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 648 (Pa. 2009)).  Chouinard has indeed submitted powerful evidence showing that he was working during this time: his emails to Pretzel Perfection staff and to its Canadian Distributor, his email and text message correspondence with Roesner, the statements of Holyk and Roesner reflecting an understanding that he was a Pretzel Perfection employee in 2021 and 2022, the lack of any formal termination or discipline from Pretzel Perfection.

However, summary judgment requires "no genuine dispute as to any material fact," and defendants have produced enough evidence to contest whether he performed any work duties between December 4, 2020 and August 19, 2022.  Fed. R. Civ. P. 56(a) (emphasis added).  There is evidence that Chouinard stopped attending meetings he previously attended before December 2020.

-9-

Holyk and Roesner both attest that Chouinard stopped performing some responsibilities.  Holyk testified that she had a phone conversation with Chouinard in which she told him that Pretzel Perfection could no longer afford to pay him.  After that, she said that Chouinard stopped "communicating with us about [the Canadian distributor], about discounts, payments that were due . . . . There were no updates on how we were growing.  There had been no presentations during that year.  There was just no work being done."  She elaborated that the correspondence Chouinard submitted with his motion reflects "very limited exceptions clearly designed solely and deliberately to feign the appearance that he was still technically working."

Chouinard is correct that some of Holyk's assertions at her deposition and in her affidavit are "conclusory, self-serving" assertions that merely rehash defendants' legal position.  See, e.g., Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009).  Even so, the court concludes that there exists enough evidence to find a genuine dispute of material fact as to whether Chouinard was working during this period and if so to what extent.  Accordingly, Chouinard's motion for summary judgment will be denied as to Count V of his amended complaint.

VI

Defendants are also entitled to summary judgment on Counts VI, VII, and VIII of Chouinard's amended complaint, which are his claims for equitable remedies quantum meruit, unjust enrichment, and promissory estoppel.  Chouinard pleaded these claims as alternatives to his breach-of-contract claim in the event that the court held that there was no valid, enforceable contract between the parties.  Defendants have admitted that there was a valid, enforceable contract, which precludes Chouinard from suing under these theories.  E.g., Lackner v. Glosser, 892 A.2d 21, 34 (Pa. Super. Ct. 2006); Glob. Sourcing LLC v. DBDK Int'l, LLC, Civ. A. No. 17-325, 2018 WL 723098, at *5 (E.D. Pa. Feb. 5, 2018); Divenuta v. Bilcare, Inc., Civ. A. No. 09-3657, 2011 WL 1196703, at *9 (E.D. Pa. Mar. 30, 2011) (citing Carlson v. Arnot-Ogden Mem'l Hosp., 918 F.2d 411, 416 (3d Cir. 1990)).  Chouinard's only remedy for alleged unpaid wages is his breach-of-contract claim.  Thus, defendants' motion for summary judgment as to Counts VI, VII, and VIII of Chouinard's amended complaint will be granted.  Chouinard's motion for summary judgment as to these Counts will be denied.

VII

Chouinard also alleges that defendants unlawfully retaliated against him by effectively terminating him immediately after he filed the instant lawsuit.  He first claims

-11-

under Count IX of his amended complaint that they are liable
under the FLSA anti-retaliation provision, 29 U.S.C.
§ 215(a)(3).

To prove a prima facie case FLSA retaliation, the
plaintiff must show that (1) he engaged in activity protected by
the FLSA, (2) that he suffered an adverse employment outcome,
and (3) that there was a causal connection between his protected
activity and the adverse employment outcome. Eaton v.
Commonwealth Health Sys., Inc., 631 F. Supp. 3d 236, 242
(M.D. Pa. 2022) (citing Preobrazhenskaya v. Mercy Hall
Infirmary, 71 F. App'x 936, 939 (3d Cir. 2003)). Defendants
contend that Chouinard has not established the first element,
that he engaged in a protected activity under the FLSA.

A plaintiff who alleges retaliation under the FLSA
need not prove that the conduct of which he was complaining
actually violated the Act. The plaintiff may prevail by
demonstrating that he held a good-faith albeit mistaken belief
that his employer violated the law. However, the employee must
demonstrate his belief that his employer violated the law was
made in "subjective good-faith" and that his belief was
"objectively reasonable." E.g., id. at 243 (citing Moore v.
City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006)).

Defendants contend that Chouinard's belief that he was
covered by the FLSA is objectively unreasonable because he was

-12-

not entitled to the FLSA's protection.  They advance three

reasons why he is not entitled to sue under the FLSA.  First,

employees may not bring claims under the FLSA to recover wages

for work performed outside the United States. [2]  29 U.S.C.

§ 213(f).  Chouinard performed his duties exclusively in Canada.

Second, Chouinard fit the exception for "outside sales

employees" as defined under FLSA interpretive regulations.

See 29 C.F.R. § 541.500.  Third, Chouinard was exempted under

the FLSA regulation that excludes "administrative employees."

§ 541.200.

Chouinard does not dispute that he may not recover any

unpaid wages under § 206 of the FLSA because he worked

exclusively in Canada.  However, he argues that he had a

good-faith but mistaken belief that he was covered under that

Section because Pretzel Perfection is a United States-based

company.  He disputes that he was an administrative employee

despite that his employment agreement set his pay at greater

_____

2.    Section 213(f)'s § extraterritorial limitations do not
bar claims brought by employees based in foreign countries under
the FLSA anti-retaliation provision, § 215(a)(3).  See Reyes-
Fuentes v. Shannon Produce Farm, Inc., 671 F. Supp. 2d 1365,
1373 (S.D. Ga. 2009).  Section 213(f) states that an "employee
whose services during the workweek are performed in a workplace
within a foreign country" is not covered by "sections 206, 207,
211, and 212."  That list does not include the FLSA anti-
retaliation provision, § 215.

than $684 per week, 29 C.F.R. § 541.200(a), because defendants
did not actually pay him any salary during the relevant period.

Chouinard's belief that he was a covered FLSA employee
was objectively unreasonable.  Chouinard is clearly exempted
from the FLSA because he worked exclusively in Canada and
because he was an outside sales employee.  No reasonable juror
could find in his favor on this issue.  Summary judgment will be
granted in favor of defendants on Chouinard's FLSA retaliation
claim, Count IX of his amended complaint.

VIII

Chouinard's claim under Count X of his amended
complaint for unlawful termination under Pennsylvania common law
fares no better.  In Pennsylvania, an at-will employee such as
Chouinard generally may be discharged "for good reason, bad
reason, or no reason at all."  Hershberger v. Jersey Shore Steel
Co., 575 A.2d 944, 946 (Pa. Super. Ct. 1990).  Termination of an
at-will employee is only unlawful "where the termination
implicates a clear mandate of public policy."  Weaver v.
Harpster, 975 A.2d 555, 563 (Pa. 2009).  Examples of violations
of Pennsylvania public policy have only been found in very
limited circumstances such as (1) terminating an employee for
refusing to commit a crime, (2) terminating an employee for
attempting to comply with a statutorily imposed duty, and (3)
terminating an employee when doing so is otherwise prohibited by

-14-

a statute.  Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 111 (3d Cir. 2003), as amended (Jan. 20, 2004) (citing Hennessy v. Santiago, 708 A.2d 1269, 1273 (Pa. Super. Ct. 1998)).

        Chouinard contends that Pretzel Perfection terminated him because he "report[ed] a violation of law," i.e., that defendants did not compensate him for work he performed.  He analogizes his termination to the one at issue in Krolczyk v. Goddard Sys., Inc., 164 A.3d 521 (Pa. Super. Ct. 2017).  There, two preschool teachers had alleged their former employer wrongfully terminated them after they announced their intention to report suspected child abuse and neglect.  The Court ruled in favor of the teachers and reversed the trial court's grant of summary judgment in favor of their employer.  It held that the statute requiring certain childcare service workers to report suspected child abuse reflected Pennsylvania's strong public policy of protecting children.  Accordingly, terminating the teachers for indicating their intent to make such a report violated this policy such that it amounted to a wrongful termination.  See id. at 527–29.

        Chouinard's claim is readily distinguishable.  Unlike Krolczyk, no statute or principle of Pennsylvania law exalts an employee's interest in recovering his or her full wages to the level of "strong public policy."  In fact, Pennsylvania and federal courts have unanimously found that terminating an

-15-

employee in retaliation for complaining about unpaid

compensation does not violate public policy to the extent that

it can form the basis of a wrongful termination claim.  E.g.,

Booth v. McDonnell Douglas Truck Servs., Inc., 585 A.2d 24, 28-

29 (Pa. Super. Ct. 1991); Brosey v. Tree Serv. Pros, LLC,

Civ. A. No. 21-1632, 2022 WL 2977338, at *3 (M.D. Pa. July 27,

2022); Donaldson v. Informatica Corp., 792 F. Supp. 2d 850, 855–

60 (W.D. Pa. 2011); Redick v. Kraft, Inc., 745 F. Supp. 296, 304

(E.D. Pa. 1990). Thus, defendants are entitled to judgment as a

matter of law on Count X of Chouinard's complaint.

IX

In sum, defendants' motion for partial summary

judgment will be granted, and Chouinard's motion for partial

summary judgment will be denied.  Chouinard may proceed with his

breach-of-contract claim under Count V of his amended

complaint--the only claim that remains.